UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

Eastern District of Kentucky
FILED
MAY 0 5 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-07-JMH

RICKY JONES                                                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

ERNIE FLETCHER, GOVERNOR                                                    DEFENDANT

Ricky Jones, an inmate confined at the LaRue County Detention Center in Hodgenville, Kentucky, has filed a complaint pursuant to 42 U.S.C. §1983. This case was transferred to this Court from the United States District Court for the Western District of Kentucky. On January 25, 2005, Ricky Jones paid the full $150 filing fee.

Jones alleges that his rights and the rights of unspecified Kentucky prisoners have been violated under multiple sections of the Constitution of the Commonwealth of Kentucky and multiple sections of the United States Constitution, as well as pursuant to unspecified federal laws. He complains that he and other Kentucky prisoners were not awarded credit for service of their remaining unexpired Kentucky sentences for the time they spent on parole because Governor Fletcher allegedly permitted House Bill 269 (H.B. 269) to expire.

### FACTUAL BACKGROUND

K.R.S. 439.344, "Effect of parole time on sentence," provides that:

> The period of time spent on parole shall not count as a part of the prisoner's maximum sentence except in determining parolee's eligibility for a final discharge from parole as set out in KRS 439.354.

1

*Id.*

In 2003, the General Assembly attached what had been H.B. 269 to its adoption of the state budget bill for July 1, 2003 through June 30, 2004 fiscal year. The H.B. 269 amendment to the 2003-2004 state fiscal year budget bill provided:

> 36. COMMUNITY SERVICES AND LOCAL FACILITIES
> a. Probation and Parole Credit: Notwithstanding KRS 439.344, the period of time spent on parole shall count as a part of the prisoner's remaining unexpired sentence, when it is used to determine a parolee's eligibility for a final discharge from parole as set out in KRS 439.354, or when a parolee is returned as a parole violator for a violation other than a new felony conviction.

*See Harper v. Kentucky Department of Corrections*, 2005 WL 789140 (Ky. App.) (unpublished opinion) (citing 2003 Ky. Acts, Ch. 156, Part IX, item 36(a), p. 1876). The 2003-2004 state budget bill (including its H.B. 269 amendment) became law on March 23, 2003. *Id.* (citing 2003 Ky. Acts, Vol. II, p. 1912.).

On July 18, 2003, 17 days after the H.B. 269 amendment and the 2003-2004 fiscal budget bill had gone into effect, Ricky Jones was released on parole from confinement by the Commonwealth of Kentucky. At the time of his parole release, he was informed by unspecified persons that, pursuant to H.B. 269 (the 2003-2004 budget bill amendment), he would be given credit against his state sentence for time served on parole even if his parole was eventually revoked for anything but another felony conviction.

On September 24, apparently of 2004, Jones' parole was revoked, presumably for something other than another felony conviction, though this fact and the year are not specifically pled. Jones contends that at the time of this parole revocation he was assured by an unspecified person that he would be given credit towards the satisfaction of his unexpired Kentucky sentence for the time he

2

spent on parole from July 18, 2003, until September 24, 2004.

However, Jones' unexpired sentence was not credited pursuant to H.B. 269, the amendment to the 2003-2004 fiscal year budget bill, with the time he spent on parole from July 18, 2003, until September 24, 2004. The 2003-2004 budget bill became law at some time on or shortly after March 23, 2003. *Harper*, 2005 WL 789140, *1 at FN1 (Ky. App.) (citing *see* 2003 Ky. Acts, Vol. II, p. 1912). The budget bill expired as of June 30, 2004. *Id.* (citing *see* Ky. Acts, Vol. II, p. 1723; KRS 48.310). Thus, Jones' parole began during the effective time of the H.B. 269 budget bill amendment, but ended almost three months after the terms of the H.B. 269 budget bill had expired and were no longer in effect.

According to an August 12, 2004 letter included in the record from James L. Wagner, Assistant Director of the Commonwealth of Kentucky Department of Corrections, the General Counsel of the Corrections Cabinet ruled that any parole violator in custody who had not yet appeared before the Parole Board for a final hearing (and, thus, had not yet had parole revoked) before the June 30, 2004 expiration date of the 2003-2004 budget bill was not eligible for street time credit against his/her sentence for any time served on parole during the effective period of the 2003-2004 budget bill.

Jones, in essence, currently challenges the General Counsel's interpretation that the 2003-2004 budget bill merely temporarily suspended KRS 439.344 and did not permanently modify KRS 439.344. Jones also challenges the General Counsel's interpretation when Jones claims that even if the budget bill only temporarily suspended KRS 439.344, still, Jones is entitled to the benefit of the bill for that street time he accumulated while the bill was effective despite the fact that his parole was revoked after the bill had expired.

3

## RELIEF

Jones seeks damages and injunctive relief to include credit against his state sentence for street time spent on parole between the effective date of the 2003-2004 budget bill and its expiration on June 30, 2004. Thus, Jones seeks damages and a speedier release from confinement.

## 28 U.S.C. §2241 or 42 U.S.C. §1983

When a prisoner seeks the shortening of his term, he must do so via habeas corpus. *Fuller v. Nelson*, 2005 WL 752183 (9th Cir. (Idaho), March 23, 2005) (*citing Wilkinson v. Dotson*, No. 03-287, 2005 WL 516415 at *3 (U.S. Mar. 7, 2005)). A state prisoner's parole challenge must be brought pursuant to 28 U.S.C. §2241 if success would immediately result in release or earlier release from confinement. *Ithna'asheri v. New York State Division of Parole*, — F.Supp.2d —, 2005 WL 858160 (W.D.N.Y., April 8, 2005) (*citing Wilkinson v. Dotson*, --- U.S. ----, --- U.S. ----, ----, 125 S.Ct. 1242, 1249, — L.Ed.2d ----, ----, 2005 WL 516415, at *6 (March 7, 2005)).

When state prisoners challenge the constitutionality of state parole procedures and seek declaratory and injunctive relief, and when success on the merits would entitle them to new parole hearings, as opposed to a speedier or immediate release from confinement, then such claims may be brought pursuant to 42 U.S.C. §1983. *Yourdon v. Johnson*, 2005 WL 984155 (2nd Cir. (N.Y.), April 28, 2005) (not reported) (*citing Wilkinson v. Dotson*, 125 S.Ct. at 1247).

As it is clear that Jones seeks credit against his state sentence for time served on parole, his success in this case would directly result in an earlier release from confinement. Consequently, Jones must bring his claims pursuant to 28 U.S.C. §2241 in a writ of habeas corpus.

## EXHAUSTION OF STATE COURT REMEDIES

Before Jones can bring his 28 U.S.C. §2241 writ of habeas corpus claims before this Court,

he must first exhaust his state court remedies. *Collins v. Million*, 121 Fed.Appx. 628, 2005 WL 221531, **2 (6th Cir. (Ky.) Jan. 31, 2005) (*citing Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001)).

Petitioner Jones has several state court remedies. He has a right, guaranteed by Section 7 of the Kentucky Constitution, to file a writ of habeas corpus in state court. The statutory provisions of K.R.S. Chapter 419 implement the constitutional guarantee of the writ of habeas corpus in Kentucky. Petitioner Jones may challenge an unfavorable decision by the Kentucky Parole Board by filing a writ of mandamus in a Kentucky court. *See Seaton v. Commonwealth of Kentucky*, 92 Fed.Appx. 174, 2004 WL 232149 (6th Cir. (Ky.) Feb. 3, 2004) (unpublished) (*citing Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir. 1991). The plaintiff's failure to raise the herein asserted issues in the Circuit Court, the Commonwealth of Kentucky Court of Appeals, and the Supreme Court of Kentucky precludes consideration of this claim.

## CLASS ACTION

Jones seeks for this case to proceed as a Federal Rule of Civil Procedure 23 class action. As this case may not proceed for the petitioner's failure to have characterized it as a 28 U.S.C. §2241, and as it may not proceed for Jones' failure to have first exhausted his state court remedies, the case, necessarily, may not be accorded class action status.

Additionally, class action status is not in order because it is construed the plaintiffs are bringing a motion pursuant to Federal Rule of Civil Procedure 23 to have this case maintained as a class action. Rule 23 sets forth that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Fed.R.Civ.P. 23(c). A district court is not required to determine whether a plaintiff's complaint

should be maintained as a class action before the court may dismiss the entire action. *Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985).

A class should not be certified in this case, because *pro se* prisoners are not adequate class representatives able to fairly represent the class. *Palasty v. Hawk*, 15 Fed.Appx. 197, 2001 WL 857209 (6th Cir. (Ky.)) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1985)); *see also Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F.Supp. 132 (E.D. Tenn. 1980), *aff'd*, 659 F.2d 1081 (6th Cir. 1981).

## "JAILHOUSE LAWYER" STANDING

Jones filed the initial complaint on his own behalf and on behalf of purported co-plaintiffs Ja-Ron Shawn Teague and Robbie J. Richards. However, at the end of the complaint form in the space where "each Plaintiff must sign for him/herself," only Jones signed the complaint [W.D. Ky. Record No. 1]. Also, apparently Jones solely paid the $150 filing fee for what he deemed to be this §1983 action [W.D. Ky. Record No. 12]. Thereafter, Jones, Teague, and Richards were sent a "Notice of Deficiency" informing them that Teague and Richards had to "return original signatures" on a supplied copy of the complaint form signature page and that Teague and Richards had to resolve the matter of the filing fee by paying or by submitting applications to proceed *in forma pauperis* [W.D. Ky. Record No. 3]. No returned original signatures on the complaint form signature page are, as yet, included in the record.

Instead, in response, both Teague and Richards filed an *in forma pauperis* application with a certificate of inmate account. Additionally, Jones, acting on behalf of Teague, filed a pleading

6

explaining that he, Jones, had "already agreed to pay the full $150 filing fee's" [sic]. Obviously, Jones mistakenly assumed that he, and not the Court, had the authority to determine who would pay the filing fee.

Thereafter, Teague filed pleadings[1] on behalf of himself, Jones, and Richards, which pleadings were signed solely by Teague. Thus, Teague, single-handedly, was acting as counsel for Jones and Richards.

Additionally, the Court is in receipt of a motion[2] signed only by Robert Dwayne Farris and Teague seeking to add Farris as a plaintiff, and a motion[3] signed only by Brenda Gale Cundiff seeking to add Cundiff as a plaintiff. Farris and Teague, alone, have also filed a motion.[4]

No one prisoner may act as the representative of other prisoners. *Mercer v. Fayette Circuit Court*, 52 F.3d 325 (6th Cir. (Ky.)1995) (unpublished) (an individual prisoner does not have standing to sue on behalf of other prisoners)(citing *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981); *Corn v. Sparkman*, 82 F.3d 417 (6th Cir. (Ky.) 1996) (unpublished) ("A prisoner cannot bring claims on

---

[1] - "Motion Requesting Leave of Right to Amend and or Supplement Preliminary Injunction Pursuant to Writ of Mandamus Petition" [ W.D. Ky. Record No. 9]; and
 - "Motion to Proceed Without Payment, and Motion Leave of Right to Supplement and or Amend1983 Civil Suit Petition Case No. 3:04-cv-P.-743-5 [W.D. Ky. Record No. 10]; and
 - "Motion for Order Compelling Disclosure or Discovery Pursuant to Rule(s) 37 and 34 and FRE 201 [E.D. Ky. Record No. 2]; and
 - " Certificate for Filing Discovery Material" [E.D. Ky. Record No. 4]; and
 - "Motion for Leave of Right to Amend and/or Supplement Memorandum of Law and Summary Judgment" [E.D. Ky. Record No. 6].

[2] - "Motion Leave of Rights to Amend and or Supplement Petition" [E.D. Ky. Record No. 3].

[3] - "Motion to Amend Petition" [E.D. Ky. Record No. 5].

[4] - "Motion of Memorandum of Law and for Summary Judgment" [E.D. Ky. Record No. 7].

7

behalf of other prisoners"). "A plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Greater Cincinnati Coalition, et al. v. City of Cincinnati*, 56 F.3d 710, 718 (6th Cir. 1995) (quoting *Warth v. Seldin,* 422 U.S. 490, 518 (1975)). Because Jones, who apparently is not a qualified attorney, is the only person to have signed and filed his complaint and motion for class action status, this Court is not vested with jurisdiction to consider any pleadings except those submitted by Jones that deal solely with Jones' particular situation. *Velasco v. Lamanna*, 16 Fed.Appx 311 (6th Cir. 2001) (citing *See Talley-Bey v. Knebl*, 168 F.3d 884, 885 (6th Cir. 1999); *Mattingly v. Farmers State Bank*, 153 F.3d 336, 337-38 (6th Cir. 1998)); *see also Delfrate v. Shanner*, 229 F.3d 1151 (6th Cir. 2000). Thus, to the extent that Jones seeks for any other inmate (including Teague, Farris, Cundiff, and Richards) to assist him in litigating this action by filing pleadings in this action, or to the extent that Jones seeks for other inmates to proceed as part of a class action, Jones is without standing to assert their claims and this Court is without jurisdiction to consider their claims.

"Jailhouse" lawyers do not have standing to assert the individual right of access to courts of another prisoner. *See Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973); *McGowan v. Maryland*, 366 U.S. 420, 429 (1961). A "jailhouse" lawyer does not derive any constitutional rights from the individual rights of access of fellow inmates. *See Smith v. Halford*, 570 F.Supp. 1187 (1983). Inmate writ writers have no authority to engage in the practice of law by filing papers with the court as another inmate's legal representative. *Storseth v. Spellman*, 654 F.2d at 1349, 1355 (9th Cir. 1981). Nor does an inmate have a constitutional right to be a "jailhouse lawyer." *See Smith v. Maschner*, 859 F.2d 940, 950 (10th Cir. 1990); *Newsome v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989).

8

Prisoners or prison inmate legal aides have no constitutional right to assist other prisoners with their legal matters. *Gibbs v. Hopkins, et al.*, 10 F.3d 373, 378 (6th Cir. 1993) (citing *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990); *Glassler v. Rahl*, 862 F.2d 706 (8th Cir. 1988)).

Absent a showing of exceptional circumstances, a litigant may not be represented by a non-attorney engaging in the unauthorized practice of law. *See Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978). It has been said that "'the practice of law' is any service rendered involving legal knowledge or legal advice, whether of representation, counsel, or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities or business relations of one requiring the services." *Kentucky State Bar Assn. v. Bailey*, Ky. App. 409 S.W.2d 530 (1966) (citing Kentucky Supreme Court Rule No. 3.020).

Pursuant to K.R.S. 524.130:

(1) Except as provided in K.R.S. 341.470 and subsection (2) of this section, a person is guilty of unlawful practice of law when, without a license issued by the Supreme Court, he engages in the practice of law, as defined by rule of the Supreme Court.
. . .
(3) Unlawful practice of law is a class B misdemeanor.

*Id.* The unauthorized practice of law may be deemed "misbehavior" punishable as criminal contempt pursuant to 18 U.S.C. §401(1). *Vaughn v. City of Flint*, 752 F.2d 1160 (6th Cir. 1985) (citing *United States v. Peterson*, 550 F.2d 379 (7th Cir. 1977)).

The signing and filing of a pleading on behalf of another person by one who is not a qualified attorney makes that pleading ineffective to vest a court with jurisdiction and warrants that such a pleading be dismissed. *See Theriault v. Sibler*, 579 F.2d 302, 302 n.1 (5th Cir. 1978), *cert. denied*, 440 U.S. 917 (1979); *Scarrella v. Midwest Fed. Sav. Loan*, 536 F.2d 1207, 1209 (8th Cir.) (per curiam), *cert. denied*, 429 U.S. 885 (1976); *McKinney v. DeBord*, 507 F.2d 501, 503 (9th Cir. 1974).

9

Consequently, insofar as Jones or Teague or Cundiff or Richards or Farris is acting on behalf of the other purported plaintiffs in this action, they are each now admonished to cease such actions. Hereafter, no consideration will be given to any pleading filed in this action unless it is signed by Jones, who is the solely legitimate plaintiff in this action, and also by all other persons who similarly consider themselves to be plaintiffs in this action.

## FILING FEES

All of the purported plaintiffs (Jones, Teague, Cundiff, Richards, and Farris) claim they are to be proceeding pursuant to the single $150 filing fee paid in full at the inception of this case by Jones.

In the Seventh Circuit, prisoners may join as groups of prisoner plaintiffs but each prisoner must individually pay the full filing fee. *Boriboune v. Berge*, 391 F.3d 852 (7th Cir., Dec. 6, 2004). In the Eleventh Circuit, a district court may not apportion the filing fee among joined prisoners; cases with multiple *pro se* prisoner plaintiffs only proceed as to the lead plaintiff, and each individual prisoner must pay the full filing fee. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (*citing* 28 U.S.C. §1915(b)(1)); *Clay v. Rice, et al.*, 2001 WL 1380526 (N.D. Ill.) (*citing* 28 U.S.C. §1915(b)(1)). But for the lead plaintiff's claims, all other plaintiffs' claims must be severed. *Clay*, 2001 WL 1380526 at *2. Those other plaintiffs' cases may be dismissed without prejudice to the other plaintiffs' rights to re-file their own individual actions. *Id.*

One district court has determined that prisoners who join together to file a single lawsuit *in forma pauperis* are not required by the PLRA to each pay the full filing fee. *Burke v. Helman, et. al.*, 208 F.R.D. 246 (C.D. Ill., June 27, 2002).

10

Within the Sixth Circuit, it is unsettled whether the Prison Litigation Reform Act of 1996 (PLRA) permits apportionment of filing fees in a single case when multiple prisoner plaintiffs each seek to proceed *in forma pauperis*.[5] It is also unsettled whether Federal Rule of Civil Procedure 20 joinder is pre-empted by provisions of the PLRA.

The Chief Judge of the Sixth Circuit, recognizing that the PLRA does not specify how to assess fees when multiple prisoners proceeding *in forma pauperis* attempt to bring one action, issued an administrative order suggesting that each prisoner should pay a portion of the filing fee. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). The administrative order indicates that in some multiple prisoner plaintiff situations, only one litigant may be held responsible for the entire filing fee. *In re Prison Litigation Reform Act*, 105 F.3d at 1138. No panel of the Sixth Circuit has yet squarely addressed the multiple-*in forma pauperis*-prisoner-plaintiff-PLRA filing fee issue, the prospect of it being a method by which the intent of the PLRA is circumvented or the enormous bookkeeping implications it may have for both Clerks' offices and prison financial offices. The Chief Judge's administrative order is only an indication of what the Court may have held in 1997 had the pure issue come before the Court without the consideration of additional factors. *See Wilcox v. Straub, et al.*, 1997 W.L. 33323861 (W.D. Mich., June 24, 1997). Unlike the court opinions in *Boriboune*, *Hubbard*, and *Clay*, in the administrative order the Chief Judge did not consider the impact of Fed.R.Civ.P. 20 on implementation of the PLRA.[6] Implementation of the PLRA was

---

[5] So far, the Sixth Circuit has only decided that, at the end of a multiple prisoner plaintiff action, costs, as opposed to filing fees, may be equally divided among all participating indigent prisoners. *Talley-Bey v. Knebl*, 168 F.3d 884 (6th Cir. 1999).

[6] The administrative order also does not address the interplay between apportionment of the filing fee and the part of the statute that requires the Court to implement an initial partial filing fee for each plaintiff based upon prisoner account information compiled for the six months preceding the filing of the action. It is possible and, perhaps likely, that an apportioned filing fee could be less than the required payment of an initial partial filing fee.

designed to make prisoners feel the deterrent effect of the filing fee.[7] *Hampton v. Hobbs*, 106 F.3d 1282, 1286 (6th Cir. 1997). Individual prisoner plaintiffs must experience the full financial implication of filing suit. *See Id.* Therefore, each separate plaintiff is individually responsible for a full filing fee of $150.

## CONCLUSION

The Court being advised, **IT IS ORDERED** as follows:

(1) This action is deemed to have been brought only by the sole plaintiff, Ricky Jones.

(2) Teague, Cundiff, Farris, and Richards are not joined as plaintiffs in this action.

(3) The Clerk shall sever the pleadings submitted by Teague (W.D. Ky. Record Nos. 5, 6, 9 and 10, and E.D. Ky. Record Nos. 2, 4, 6 and 7); Cundiff (E.D.Ky. Record No. 5); Farris (E.D. Ky. Record Nos. 3 and 7); and Richards (W.D. Ky. Record No. 4) from this case file and shall establish four separate case files (one for Teague, one for Cundiff, one for Richards, and one for Farris), each file consisting of only the afore-enumerated individual filings made by the individual potential plaintiff who signed the individual pleading.

(4) Because the Clerk will have severed all pending motions in this action and will have filed those motions in other newly opened actions, the Clerk shall term all pending motions in this action.

(5) Pursuant to 28 U.S.C. §1915(b)(1), Teague, Cundiff, Farris, and Richards are each required and ordered to pay the $250.00 filing fee for a civil action in each of their newly established

---

[7] No mechanism for the resolution of this problem is offered. Additionally, the administrative order does not address the bookkeeping difficulties that multiple apportionment of the filing fee within a single case would engender. Neither does the administrative order discuss the interplay between Fed.R.Civ.P. 20 and filing fee apportionment. Finally, though the Sixth Circuit has established that the PLRA was designed to impose a financial deterrent to the filing of frivolous litigation, the administrative order did not discuss or reconcile this goal with the seemingly contradictory concept of filing fee apportionment in multiple prisoner plaintiff cases.

individual cases.

(6) Teague, Cundiff, Farris, and Richards are each granted a period of ten (10) days from the date of entry of this Memorandum Opinion and Order in which to individually and personally write to the Clerk of this Court and individually tender payment of their own individual full $250 filing fee or, if they have not previously submitted such an *in forma pauperis* ("*IFP*") application, to individually and personally seek an application to proceed *IFP* from the Clerk of this Court.

(7) If they have not previously done so, Teague, Cundiff, Farris, and Richards are each afforded thirty (30) days from the date of entry of this Memorandum Opinion and Order in which to individually and personally submit his or her own completed application to proceed *in forma pauperis* to the Clerk accompanied by a completed Certificate of Inmate Account for inclusion in their newly established case file.

(8) At the end of thirty (30) days from the date of entry of this Memorandum Opinion and Order, the potential plaintiffs are on NOTICE that if they have failed to either individually pay the full $250 filing fee in their newly established individual case file, or if they have failed to submit a fully completed application to proceed *in forma pauperis*, their complaint will be dismissed for their failure to prosecute.

(9) The potential individual plaintiffs are on NOTICE that at such time as they have paid the full $250 filing fee or they have been granted *in forma pauperis* status, then each potential plaintiff must also have filed in his or her individual case proof that he or she has each individually exhausted all of his or her state court remedies, or their newly individually established case will be dismissed for failure to exhaust state court remedies.

(10) The Clerk is directed to place a copy of this Memorandum Opinion and Order in each newly established severed case file for Teague, Cundiff, Richards, and Farris.

(11) The new individual case files for Teague, Cundiff, Richards, and Farris shall be forwarded to the *Pro Se* Office at the expiration of 40 days from the date of entry of this Memorandum Opinion and Order, or sooner if filings are made in these new case files before the expiration of said 40 days.

(12) This action is **DISMISSED**, *sua sponte*, and stricken from the Court's docket, and judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

This the 5th day of May, 2005.

/s/ Joseph M. Hood
JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: