NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-CV-27-KKC

BRENDA GALE CUNDIFF  PLAINTIFF

VS:  **MEMORANDUM OPINION AND ORDER**

ERNIE FLETCHER, GOVERNOR  DEFENDANT

This matter is currently before the Court for consideration of the record.

BACKGROUND

The Court will not reiterate in detail the factual history of this proceeding, as such is found in the Court's Memorandum Opinion and Order ("Opinion and Order") entered herein on May 5, 2005 [Record No. 1]. Summarized, the Court ordered in the Opinion and Order that the claims of Brenda Sue Cundiff, the *pro se* plaintiff in this proceeding, and the claims of three other individuals would be severed from another civil action which Ricky Jones originally filed in the Western District of Kentucky.

The *Jones* proceeding was subsequently transferred to this Court on January 25, 2005. *See Ricky Jones v. Ernie Fletcher*, Lexington Civil Action No 05-CV-7-JMH. Pursuant to the terms of the Opinion and Order (also filed as Record No. 8 in the *Jones* proceeding on May 5, 2005), the instant plaintiff's claims were severed from the *Jones* proceeding; the record now before the Court was created for her claims; a new judge was assigned (the undersigned); and a new case number was

assigned, being *Brenda Sue Cundiff v. Ernie Fletcher*, Lexington Civil Action No. 05-CV-27-KKC.[1]

In the Opinion and Order, the Court further determined that Plaintiff Cundiff would be required either to pay the $250.00 civil filing fee in her newly created civil action (05-CV-27-KKC), or to submit the documentation necessary to proceed *in forma pauperis* [*see* Op. & Ord., ¶¶5-8, Record No. 1]. The Court ruled similarly with regard to the other three individuals whose civil claims had also been severed from the *Jones* proceeding. [*Id*.]. The Court specifically advised the plaintiff, and the other three individuals, that if they failed either to pay their separately assessed $250.00 filing fees, or to submit the necessary *in forma pauperis* documentation, the Court would dismiss their respective complaints for failure to prosecute [*Id*., ¶8].

The record reflects that on May 9, 2005, the Clerk of this Court mailed a copy of the Opinion and Order in the Jones proceeding [Record No. 1 herein] to the plaintiff, Brenda Sue Cundiff, at her listed and last known address: "1860 Danville Bypass, Danville, Kentucky, 40422" [*see* Record No. 1; (Attachment: Clerk's Notation)].

## DISCUSSION

There is no indication in the record that the copy of the Opinion and Order which the Clerk of the Court mailed to the plaintiff at her last known address on May 9, 2005, was returned to the Court through the mail as "Undeliverable" for any reason. The plaintiff has not responded to the Opinion and Order, and her time for compliance with the Opinion and Order has expired. This record does not reflect that the plaintiff has requested an extension of time in which to respond to the Opinion and Order.

---

[1] The named defendant in the instant proceeding is Ernie Fletcher, Governor of the Commonwealth of Kentucky.

2

The lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders). The Court determines that the petitioner bears some responsibility in pursuing his claims in timely fashion, but that he has not diligently advanced his claims despite opportunities from the Court to do so. The Court construes the plaintiff's failure to respond to the Opinion and Order as an abandonment of her claims. The Court determines that this proceeding should be dismissed for want of prosecution, the plaintiff having failed to comply with the directions of the Opinion and Order.

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the named defendant.

Dated this 17th day of November, 2005.

Signed By:
*Karen K. Caldwell*
United States District Judge